IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JULIUS SCOTT TURNER, #N3460** § | | **PETITIONER** |
| § | | |
| § | | |
| v. § | | **Civil No. 1:19cv52-HSO-MTP** |
| § | | |
| § | | |
| **JOE ERRINGTON**, *et al.* § | | **RESPONDENTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S [16] REPORT
AND RECOMMENDATION, DISMISSING WITH PREJUDICE [1] PETITION
FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER'S
[13] MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter comes before the Court on the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker, entered in this case on August 6, 2020.  The Magistrate Judge recommended that Petitioner Julius Scott Turner's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice, and that Petitioner's Motion [13] for Judgment on the Pleadings be denied.  R. & R. [16] at 18.  Petitioner has not objected to the Report and Recommendation [16], and the time for doing so has passed.

After due consideration of the Report and Recommendation [16], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [16] should be adopted, that Petitioner's Petition for Writ of Habeas Corpus should be dismissed with prejudice, and that Petitioner's Motion [13] for Judgment on the Pleadings should be denied.

I. BACKGROUND

A. Factual background

Petitioner Julius Scott Turner ("Petitioner" or "Turner") was indicted in the Circuit Court of Harrison County, Mississippi, First Judicial District, in 2012 for possession of a controlled substance with intent to transfer or distribute (Count I) and unlawful possession of a firearm by a convicted felon (Count II). *See* R. [8-1] at 10-11. On February 11, 2014, the indictment was amended to charge Turner as a habitual offender pursuant to Mississippi Code § 99-19-81, *see id.* at 12-13, and on the same day, he pleaded guilty to both counts, *see id.* at 14-15. The circuit court sentenced Turner to 12 years as to Count I and 10 years as to Count II, to run concurrently with one another, for a total of 12 years to serve in the custody of the Mississippi Department of Corrections. *See id.*

On February 13, 2015, Turner filed a Motion for Post-Conviction Collateral Relief ("PCCR motion") in the circuit court, followed by Proposed Amendment(s) and/or Supplemental Pleadings on April 9, 2015, and an Addendum to Amended/Supplemental Pleadings on June 25, 2015. On November 28, 2016, the circuit court denied Turner's PCCR motion. *See id.* at 147-50. Turner appealed the denial, *see* R. [8-2] at 2, and on May 8, 2018, the Mississippi Court of Appeals affirmed the circuit court's denial of the PCCR motion, *see* R. [8-5] at 4-12; *see also Turner v. State*, 262 So. 3d 547 (Miss. Ct. App.), *reh'g denied* (Oct. 9, 2018), *cert. denied*, 260 So. 3d 800 (Miss. 2019). Turner sought rehearing, which was denied on October 9, 2018. *See* R. [8-7] at 2, 22-28. Turner then filed a petition for writ of certiorari, *see id.* at 42, which the Mississippi Supreme Court denied on January 24,

2019, *see id.* at 7.

B.   Procedural history

On February 19, 2019, Turner filed a Petition [1] in this Court under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.   Pet. [1] at 1-23.   Liberally construed, Turner asserts that his guilty plea was involuntary (Ground 1), that his counsel was ineffective (Ground 2), that his habitual offender sentence was improper (Ground 3), and that various constitutional rights were violated and that he did not waive his constitutional claims when he pled guilty to the criminal charges (Grounds 4 and 5).   *See id.* at 3-21.   Grounds 4 and 5 advance several different claims, including that Turner was denied the right to confront the confidential informant in his criminal case, that the evidence consisted of fabricated testimony, that evidence was illegally seized, and that certain evidence was illegally seized pursuant to a search warrant unsupported by probable cause and was "mixed" with evidence seized from another location.   *See id.* at 8-21.

Respondents filed an Answer [7], arguing that the Petition should be dismissed, *see* Ans. [7] at 34, and Turner submitted a Traverse [9] and Memorandum [10].   Respondents then filed Sur-Reply [11] in opposition to the Traverse [9], and Turner filed a Response in Opposition [12] to the Sur-Reply.   Turner also filed a Motion [13] for Judgment on the Pleadings, which has been fully briefed.

On August 6, 2020, the Magistrate Judge entered a Report and Recommendation [16] recommending that the Petition be dismissed with prejudice and that Turner's Motion [13] for Judgment on the Pleadings be denied.   A copy of

3

the Report and Recommendation [16] was mailed to Petitioner at his address of record on August 6, 2020. Petitioner has not filed any objections to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review of the record, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Petition should be dismissed with prejudice, and Turner's Motion [13] for Judgment on the Pleadings should be denied.

## III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [16] as the opinion of this Court, will dismiss with prejudice the Petition for Writ of Habeas Corpus, and will deny Turner's Motion [13] for Judgment on the Pleadings.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [16] of United States Magistrate Judge Michael T. Parker, entered in this case on August 6, 2020, is adopted in its entirety as the finding of

this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Julius Scott Turner's Motion [13] for Judgment on the Pleadings is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Julius Scott Turner's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 4th day of September, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE